## STATE OF VERMONT *v.* THOMAS P. BARTLETT AND CHARLES H. KINNEY.

*Criminal Law.    Selectmen.    Intoxicating Liquor.    Indictment. Pleading.*

It is essential to an indictment against selectmen for refusing or neglecting to furnish liquor to the town liquor agent, that it aver that the agent ·gave the bond provided for in §4, ch. 94, General Statutes, and entered into a contract for compensation as provided for in said chapter, and the act in addition, passed in 1864. It is not sufficient to aver in terms that *it was the duty* of the respondents to furnish the liquor.

INDICTMENT against the respondents for neglecting and refusing to furnish liquor to the agent of the town of Plainfield. The case was tried on general demurrer to the indictment, at the September term, 1869, PECK, J., presiding. The court decided the indictment sufficient, to which decision the respondents excepted. The indictment in proper form charged that the respondents were selectmen of said town ; that one Batchelder was the agent for selling liquors in said town ; that he applied to the respondents to furnish him with liquors for his agency ; that it was the duty, by law, of the respondents, as such selectmen, to furnish such liquors as such agent was authorized to sell, and that they neglected and refused to furnish liquors ; but there were no averments in respect to the agent's bond to the town, as provided for in sec. 4, ch. 74, General Sts., nor in respect to the contract for compensation of the agent, as provided for in said chapter, and the act in addition, passed in 1864.

*S. C. Shurtleff* and *Randall & Durant*, for the respondents.

*M. E. Smilie*, for the State.

The opinion of the court was delivered by

BARRETT, J. The indictment in this case was designed to charge a criminal neglect or refusal to perform an act of official duty ; and it is predicated on the statute laws of this State as to intoxicating liquors. The offense sought to be charged is not set forth in the statute by way of specific description or definition. If it is created by the statute, it is the result of several disconnected, though related, provisions of ch. 94, Gen. Sts., and subsequent additional enactments.

It is fundamental in the rules of criminal pleading, that the indictment must contain, in affirmative averment, all the essential elements of the alleged offense, as *matters of fact*, and not as conclusions of law. In this case the supposed offense consists in the neglect or refusal of the respondents, as selectmen, to furnish liquor to the supposed agent. Of course, in order sufficiently to charge the offense, it must appear by the facts averred, that it was

the official duty of the respondents thus to furnish the liquor. If it should be assumed that the respondents were the lawfully elected and qualified selectmen, and that the supposed agent was the lawfully appointed agent for said town, and that he made application to said selectmen to furnish him, as such agent, with the liquor, these facts would not be sufficient, under the law, to make it the duty of the respondents to furnish the liquor. Two things would still be lacking, viz: the bond to the town, provided for in sec. 4, ch. 94, and the contract for compensation, as provided in said chapter, and the act in addition, passed in 1864.

Though sec. 4 was changed by the act of 1863, in respect to the mode in which the agent is to be furnished with liquor to be sold by him in the exercise of his agency, still the bond provided for in that section is just as essential for indemnity to the town as if the change had not been made ; and the provision for the bond in said sec. 4 is not inconsistent with the act of 1863, and so is not repealed by it. These two things, in concurrence with the others named, being essential to the imposing of the duty on the respondents to furnish the liquor, of course they must be properly averred in the indictment, or it will fail to show the supposed offense to have been committed. It is not sufficient to aver, in terms, that *it was the duty* of the respondents to furnish the liquor ; for that is a mere conclusion of law, resulting from a concurrence of several distinct and related facts, all of which must be stated, in order to enable the question of duty to be adjudged by the court. All the counts are deficient in this respect. The judgment of the county court is therefore reversed, and the indictment quashed. We decide no other of the many questions that have been argued against the indictment.